DAWSON *v.* LINDSAY.

HUSBAND AND WIFE—ABANDONMENT—TITLE TO PERSONALTY—GIFT.
A gift by a husband to his wife of his interest in a piano is not established, so as to subject it to levy on execution by a creditor of the wife, by evidence that, upon abandoning his home, he left the instrument in her possession, and that she took it with her when she changed her place of residence, where it appears that the piano was purchased for the use of a daughter, under a contract providing that the title should remain in the vendor until payment of the purchase price, and that it was not fully paid for.

Error to Wayne; Donovan, J. Submitted November 10, 1896. Decided December 18, 1896.

Trover by Edwin Dawson against William A. Lindsay and John Eldert. From a judgment for plaintiff, defendants bring error. Affirmed.

*Franklin L. Lord,* for appellants.

*William L. January,* for appellee.

HOOKER, J. Dawson purchased a piano, the title to remain in the vendors, Grinnell Bros., until paid for. It was further provided that he should not part with the possession without their written consent. The piano was taken to his residence, and was used by his daughter. He subsequently had difficulty with his wife, and left his home. The piano continued in the possession of Mrs. Dawson. The defendant Lindsay recovered a judgment against Mrs. Dawson; and defendant Eldert, a constable, by his direction, levied execution upon and sold the piano, which was bid in for Lindsay by his attorney, upon the claim that it had become the property of Mrs. Dawson. Lindsay then tendered Grinnell Bros. the amount of their

claim, but they refused to accept it. Dawson brought trover for the conversion of the instrument, and the defendants have appealed from a judgment in his favor.

The theory of the defendants is that the plaintiff, by abandoning the piano, showed an intention to give his interest in it to his wife, which was corroborated by her keeping and moving it when she changed her place of residence. The mere fact of abandoning his wife, and leaving the piano, did not establish a gift to her. It is quite as consistent to say that he left the piano for the use of his daughter, who is the only one who used it, and in whose welfare and education he may be supposed to have had an interest. Both husband and wife testify positively that the piano was not given to the latter, and there is no evidence in the record tending to show it, and the court might properly have so instructed the jury.

A number of assignments of error relate to rulings upon the introduction of testimony. An examination of these has revealed no error, and as, upon this record, we think that a verdict should have been directed for the plaintiff, it is unnecessary to consider the questions raised upon the charge.

The judgment is affirmed.

The other Justices concurred.